**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAWRENCE M. JIRON,

    Plaintiff - Appellant,

v.

JARED POLIS,

    Defendant - Appellee.

No. 19-2187
(D.C. No. 1:19-CV-00791-RB-CG)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Plaintiff-Appellant Lawrence Jiron, an inmate appearing pro se, appeals from the district court's sua sponte dismissal of his complaint without prejudice under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Jiron v. Polis, No. 1:19-cv-00791-RB-CG, Mem. Op. and Order of Dismissal for Lack of Jurisdiction (ECF No. 8) (D.N.M. Oct. 28, 2019). The district court dismissed the complaint pursuant to its screening function under 28 U.S.C. § 1915A(a), reasoning

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

that although lack of jurisdiction is an affirmative defense and does not appear as grounds for dismissal under § 1915A(b), dismissal is proper where the affirmative defense clearly appears on the face of the complaint and no further factual development is necessary

Mr. Jiron's complaint sought relief on various claims, including copyright and trademark infringement, false imprisonment and kidnapping, and ultimately asking the Colorado Secretary of State to release him. See Polis, No. 1:19-cv-00791-RB-CG (ECF No. 1). On appeal, he repeatedly urges that "an attorney follow the complaint."

We review a district court's dismissal for lack of jurisdiction de novo. ClearOne Commc'ns, Inc. v. Bowers, 643 F.3d 735, 763 (10th Cir. 2011). We find no substantive grounds for this appeal or any of Mr. Jiron's outstanding motions. For the reasons it articulated, the district court was correct in ruling that Mr. Jiron has not established personal jurisdiction over the defendant.

We DENY Mr. Jiron's motion to proceed in forma pauperis because his appeal is frivolous, DENY all other motions, and DISMISS the appeal. Mr. Jiron must pay the full filing fees immediately.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


2